UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUPAM SALUJA,<br><br>　　　　　　　Plaintiff,<br>　v.<br>ADVANCE AMERICA CASH ADVANCE CENTERS OF NEVADA, INC., a foreign corporation, et al.,<br><br>　　　　　　　Defendants. | Case No. 3:14-cv-00311-MMD-VPC<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 8) |

**I.　SUMMARY**

Before the Court is Defendant Advance America Cash Advance Centers of Nevada, Inc.'s ("Advance America") Motion to Dismiss ("Motion"). (Dkt. no. 8.) For the reasons discussed below, the Motion is granted.

**II.　BACKGROUND**

The following background facts are primarily taken from the Complaint. As the Complaint's factual allegations are sparse, they are supplemented by facts presented in the parties' briefing.

Plaintiff was employed with Advance America as a Branch Manager from October 11, 2007, through October 24, 2011. Plaintiff is an Asian-American woman over 40 years of age. She suffered a disabling condition as a result of an injury caused by a customer in 2010. Plaintiff alleges that during her employment with Advance America, she was

subjected to various forms of discrimination based on her race, age and disability and was ultimately terminated from employment for retaliatory and discriminatory reasons.

On January 30, 2014, Plaintiff submitted her discrimination charge to the U.S. Equal Employment Opportunity Commission ("EEOC"). On April 13, 2014, the EEOC issued Plaintiff a right to sue letter, but also indicated that her charges were time-barred because she did not file her charge within 300 days of the last discriminatory act.

Plaintiff then filed this action on June 13, 2014. The Complaint asserts claims for gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) ("Title VII"), age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, violations of Nevada state law, and negligent supervision. Defendants seek dismissal under Fed. R. Civ. P. 12(b)(6), contending that Plaintiff's claims are time-barred.

## III. DISCUSSION

### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a Claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all

well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678. Mere recitals of the elements of a claim, supported only by conclusory statements, do not suffice. *Id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but it has not shown — that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**B.    Analysis**

Exhaustion of administrative remedies is a prerequisite to adjudication of claims for discrimination under Title VII, the ADEA and the ADA. *See Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006) (a plaintiff must file administrative charge before filing ADA suit); *Lyons v. England,* 307 F.3d 1092, 1103 (9th Cir. 2002) ("a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim"); *Sanchez v. Pac. Powder Co.*, 147 F.3d 1097, 1099 (9th Cir. 1998) (same for ADEA claims). Exhaustion requires that the complainant file a timely charge with the EEOC, thereby allowing the agency time to investigate the charge. *See* 42 U.S.C. § 12117(a); 29 U.S.C. § 626(d); 42 U.S.C. § 2000ff-6. A plaintiff timely files a charge with the EEOC if the charge is filed "within 180 days from the last act of alleged discrimination" or, in a state like Nevada that has its own local agency, within 300 days

///

of the last discriminatory act. *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1175 (9th Cir. 1999).

Plaintiff filed her EEOC charge on January 30, 2014, far in excess of 300 days after her October 24, 2011, termination from employment with Advance America.[1] Plaintiff does not dispute this fact, but rather asserts she is entitled to equitable tolling.

Exhaustion is akin to a statute of limitations and is subject to equitable tolling. *Leong v. Potter*, 347 F.3d 117, 1122–23 (9th Cir. 2003) (citations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Plaintiff fails to offer an explanation for her failure to file within the 300 day filing period beyond asserting a lack of knowledge of the filing deadlines. However, ignorance of the deadlines is an insufficient excuse to justify equitable tolling. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. at 96 (holding that equitable tolling does not apply to "a garden variety claim of excusable neglect"). Plaintiff knew or should have known of the possible existence of her discrimination claims in October 2011 when she was allegedly terminated for discriminatory reasons. *See Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1178 (9th Cir. 2000) (equitable tolling does not apply where a plaintiff "knew or should have known of the possible existence of a disability discrimination claim as early as the very day he was fired"), *overruled on other grounds by Socop-Gonzalez v. INS,* 272 F.3d 1176, 1194–96 (9th Cir. 2001) (en banc).

Plaintiff's charge with the EEOC was untimely and the filing deadline was not equitably tolled. Plaintiff has therefore failed to exhaust her administrative remedies. The Court will grant Advance America's motion to dismiss. The Court will not address

---

[1] The pertinent time frame is the 300 days following the last act of discrimination (i.e., her termination) — which expired on August 19, 2012.

4

Defendant's arguments with respect to Plaintiff's state law claims as the Court declines to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(c).

**IV.    CONCLUSION**

It is therefore ordered that Defendant's Motion to Dismiss (dkt. no 8) is granted. Plaintiff's federal law claims under Title VII, the ADEA and the ADA are dismissed with prejudice. Plaintiff's remaining state law claims are dismissed without prejudice. The Clerk is instructed to close this case.

DATED THIS 12th day of March 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE